Petition on Probation
Page 1
RE: TAYLOR, Kevin R.

MAR 20 2018

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

Prob 12
(Mod. For E.VA 07/07)

# UNITED STATES DISTRICT COURT
## for
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Kevin R. Taylor                                    Docket No. 1:18-MJ-142

### Petition on Probation

COMES NOW Carolyn J. Nulf, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Kevin R. Taylor, who was placed on supervision by the Honorable Robert T. Numbers, II, United States Magistrate Judge sitting in the Court at Eastern District of North Carolina, on the 6th day of September 2017, who fixed the period of supervision at 12 months, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: April 10, 2018 @ 10 A.m.

I declare under penalty of perjury that the foregoing is true and correct.

### ORDER OF COURT

Considered and ordered this 20th day of March, 2018 and ordered filed and made a part of the records in the above case.

Executed on _____

Digitally signed by Carolyn J. Nulf
Date: 2018.03.20 12:08:57 -04'00'

Carolyn J. Nulf
U.S. Probation Officer
(703) 366-2119

/s/
Ivan D. Davis
United States Magistrate Judge

Place Manassas, Virginia

**Petition on Probation**
**Page 2**
**RE: TAYLOR, Kevin R.**

OFFENSE: Driving While Impaired–Level 5, in violation of Title 18, U.S.C., Section 13, assimilating N.C.G.S. 20-138.1.

SENTENCE: On September 6, 2017, the defendant was placed on 12 months of probation. Special conditions of probation included: 1) The defendant shall perform 24 hours of community service as directed by the probation office and if referred for placement and monitoring by the State of North Carolina, pay the required $200 fee; 2) The defendant shall obtain a substance abuse assessment from an appropriate mental health facility within 30 days from the date of this judgment and complete any prescribed treatment program. The defendant must pay the assessment fee and any added treatment fees that may be charged by the facility; 3) It is further ordered that the defendant shall participate in any other Alcohol/Drug Rehabilitation and Education program directed by the U.S. Probation Office; and 4) The defendant shall surrender any North Carolina driver's license he/she may have to the Clerk of this Court for mailing to the North Carolina Division of Motor Vehicles and not operate a motor vehicle on the highways of the State of North Carolina except in accordance with the terms and conditions of a limited driving privilege issued by the appropriate North Carolina Judicial Official. The Court also imposed a $200 fine and $10 special assessment fee, due during the term of probation (unpaid to date).

ADJUSTMENT: Based on the defendant's residence in the Eastern District of Virginia, the defendant's supervision was assumed by our district.

On September 20, 2017, the defendant was referred to the Prince William County Voluntary Action Program to enroll and complete his 24 hours of community service work. On that same date, he was also referred to the Virginia Alcohol Safety Action Program (VASAP) for an alcohol evaluation in Leesburg, Virginia. On October 19, 2017, the defendant attended the evaluation and was scheduled to begin the program on December 30, 2017.

Currently, the defendant resides at his mother's residence in Ashburn, Virginia. The defendant recently secured employment as a technician for Orkin. The defendant has been instructed to pay all money owed to the Court in the Eastern District of North Carolina. Thus far, he has submitted timely monthly reports with employment verification.

On February 7, 2018, the defendant was arrested in Loudoun County, Virginia for Public Swearing/Intoxication, case number GC18000625-00. He was released on his own recognizance and a court date has been scheduled for April 26, 2018, at 8:30 a.m. According to the defendant, he was a passenger in a vehicle, driven by a friend, who had been drinking. His friend fell asleep and the car rolled into a ditch. The defendant became upset and somewhat argumentative with authorities at the scene when he was not permitted to see his friend right away after the accident. The defendant was eventually arrested for being intoxicated in public.

On February 26, 2018, a Violation No Action letter was sent to the Eastern District of North Carolina. Our correspondence requested No Action because the defendant accepted responsibility for his actions, had yet to receive the benefit of VASAP treatment, and the charges were pending. We also requested that transfer of jurisdiction proceedings be initiated so that, in the event the defendant should violate his conditions of probation in the future, we would be able to process any violation matters in the Eastern District of Virginia.

On February 27, 2018, the Court in the Eastern District of North Carolina agreed to take no action and also signed the Form 22, authorizing transfer of jurisdiction. On March 16, 2018, jurisdiction of the defendant's case was transferred to our district.

Petition on Probation
Page 3
RE: TAYLOR, Kevin R.

The violation(s) are as follows:

SPECIAL CONDITION 1: THE DEFENDANT SHALL PERFORM 24 HOURS OF COMMUNITY SERVICE AS DIRECTED BY THE PROBATION OFFICE AND IF REFERRED FOR PLACEMENT AND MONITORING BY THE STATE OF NORTH CAROLINA, PAY THE REQUIRED $200 FEE.

On September 20, 2017, the defendant was referred to the Prince William County Voluntary Action Center to for placement and monitoring of the 24 hours of community service hours. Although the defendant has been instructed on numerous occasions to enroll and begin his community service hours, he has yet to take any action regarding same.

SPECIAL CONDITION 2: THE DEFENDANT SHALL OBTAIN A SUBSTANCE ABUSE ASSESSMENT FROM AN APPROPRIATE MENTAL HEALTH FACILITY WITHIN 30 DAYS FROM THE DATE OF THIS JUDGMENT AND COMPLETE ANY PRESCRIBED TREATMENT PROGRAM. THE DEFENDANT MUST PAY THE ASSESSMENT FEE AND ANY ADDED TREATMENT FEES THAT MAY BE CHARGED BY THE FACILITY.

SPECIAL CONDITION 3: IT IS FURTHER ORDERED THAT THE DEFEDNDANT SHALL PARTICIPATE IN ANY OTHER ALCOHOL/DRUG REHABILI- TATION AND EDUCATION PROGRAM DIRECTED BY THE U.S. PROBATION OFFICER.

On March 16, 2018, our office reviewed correspondence from VASAP, stating that the defendant was scheduled to attend treatment services. However, on three occasions, December 30, 2017, January 18, 2018, and February 22, 2018, he failed to appear to begin classes as scheduled. His case manager, Morelia Gomez, has attempted to contact the defendant, but he has failed to respond. As such, the defendant's case has been returned to our office as non-compliant due to his failure to complete the ASAP classes.

CJN/vlh